UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BEVERLY R. NETTLES,

        Plaintiff,

                                     CASE NO. 1:17-CV-04
v.
                                     HON. ROBERT J. JONKER

CYNTHIA C. BULLINGTON, *et al.*,

        Defendants

_____/

## OPINION

### INTRODUCTION

Plaintiff Nettles is a former state court judge. In this case, she seeks to re-litigate events pre-dating her removal from judicial office in 2008, as well as the removal itself, along with the ensuing suspension of her law license. Her allegations, some of which are fragmentary and difficult to understand, also allude to earlier divorce proceedings, a dispute with a former employee, and other grievances. Based on a careful review of the record, and for the reasons detailed below, the Court now **DISMISSES** the case.

### BACKGROUND

On June 13, 2008, the Michigan Supreme Court removed Plaintiff Nettles from her position as a judge of the 30th Circuit Court for the County of Ingham, State of Michigan. (ECF No. 40-3, PageID.536.) The court found that Plaintiff had engaged in misconduct that included: (1) "twice mak[ing] f alse statements under oath in connection with her divorce proceeding[;]" (2) "mak[ing] and solicit[ing] other false statements while not under oath, including by submitting fabricated evidence to the Judicial Tenure Commission[;]" (3) "improperly list[ing] cases on the no-progress

docket[;]" (4) excessive absenteeism and "belated commencement of proceedings, untimely adjournments, and improper docket management[;]" (5) "allow[ing] a social relationship to influence the release of a criminal defendant from probation[;]" and (6) "recklessly flaunt[ing] her judicial office." (*Id.*) In 2010, the State of Michigan Attorney Discipline Board ("ADB") suspended Plaintiff's license to practice law for two years and eleven months, based on the same misconduct. (ECF No. 7, PageID.121.)

Plaintiff petitioned for reinstatement of her license to practice law in September 2013. (*Id.*, PageID.122.) The ADB held a public hearing on the matter on February 13, 2014. (ECF No. 38-1, PageID.412.) The ADB issued an initial report in August 2014. One panel member stated that he would deny the petition for reinstatement, and the two other panel members invited Plaintiff to produce medical reports she had mentioned during the hearing, or any "other evidence that she is able to undertake the stress of practice, and that she does not have a substance abuse problem, as she indicated was alleged, and that she is otherwise physically and emotionally fit to practice law." (*Id.*) Plaintiff submitted additional evidence to the ADB on September 24, 2014. (*Id.*, PageID.413.) The Grievance Administrator replied the next day, opining that the supplemental exhibits "raise rather than alleviate concern." (*Id.*) The ADB agreed, finding that "the information submitted creates more questions than it resolves, particularly considering the points made by the Grievance Administrator." (*Id.*) On November 13, 2014, the ADB denied Plaintiff's petition for reinstatement. (*Id.*)

Plaintiff moved for immediate rehearing or reconsideration. (ECF No. 38-2, PageID.416-418.) On January 27, 2015, the ADB granted Plaintiff's request for immediate consideration; found no error in the underlying decision denying reinstatement; and denied Plaintiff's request for reconsideration or rehearing. (*Id.*) In reaching this decision, the ADB noted explicitly:

The original opinion articulated the panel's concerns regarding petitioner's reinstatement. Those concerns remain, unaddressed by petitioner. They relate to petitioner's competence to practice law at a level such that petitioner can be trusted with the legal matters entrusted to her. The allegations made in the Motion for Rehearing/Reconsideration do not allay those concerns – they emphasize them. They are confusing, disorganized, and miss the point of the panel's concerns completely.

(ECF No. 38-2, PageID.417.) After her unsuccessful motion for reconsideration, Plaintiff appealed the ADB order denying her petition for reinstatement. (ECF No. 40-2, PageID.528.) On November 5, 2015, the appellate panel affirmed the decision to deny reinstatement. (*Id.*) Plaintiff applied to the Michigan Supreme Court for leave to appeal. (ECF No. 38-5, PageID.427—29.) On March 3, 2016, the court denied the request as untimely. (*Id.*)

In the case before this Court, Plaintiff challenges not only the disciplinary and related proceedings that unfolded from 2008 – 2016, detailed above, but also other events pre-dating 2008. She alludes to the appointment in 2006 of "an informal fact-finder, Defendant Robinson [sic][1] 'to look into a dispute' between Plaintiff and then Chief Judge Collette 'regarding court administration in Ingham County.'" (ECF No. 7, PageID.118) She alleges that the Michigan Supreme Court "appointed an informal fact-finder to retaliate and remove Plaintiff from her elected position, for exercising her First Amendment right to file a civil complaint and later press conference against Judge Collette for interference in her courtroom as Chief Judge unlike the other judges. [sic]" (*Id.*, PageID.119.) She complains of an investigation that she says led Defendant Fisher to file a "Petition for Interim Suspension and Formal Complaint against Plaintiff, Wednesday, May 16, 2007. . . ." (*Id.*) She states that the Michigan Supreme Court did not allow an adequate response time and granted the petition prematurely. (*Id.*, PageID.119-20.) Some of Plaintiff's allegations focus on her former husband, Defendant Nickerson. (*Id.*, PageID.64-65.) She asserts that

---

[1] Plaintiff appears to be referring to Defendant Robertson.

Mr. Nickerson, also a lawyer, admitted committing perjury during their 2005-2006 divorce proceeding. (*Id.*, PageID.120, 122.) She states that she "was wrongfully removed from the bench for perjury Defendant Nickerson committed voluntarily or coerced." (*Id.,* PageID.122.) Plaintiff brings claims against a lawyer who represented her in disciplinary proceedings. (*Id.*, PageID.121.) Plaintiff also names as defendants a person she employed during her tenure as a judge, which had ended by 2008, and a gas station owner who complained about her in 2006. (*Id*; ECF No. 36-2, PageID.382.)

Plaintiff filed this lawsuit on January 3, 2017. She brings claims under 42 U.S.C. § 1983 for violations of the First Amendment and Fourteenth Amendments (Counts I and II); a claim for defamation (Count III); and a claim entitled "Miscarriage of Justice" (Count IV). Defendants seek dismissal of Plaintiff's claims. (ECF Nos. 15, 20, 23, 25, 32, 37, 39, 80.) Plaintiff seeks partial summary judgment and leave to file second and third amended complaints. (ECF Nos. 47, 68, 69).[2]

## LEGAL STANDARDS AND DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above a speculative level,' and to 'state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal citations omitted). "A claim

---

[2] There is some ambiguity in the record about whether Plaintiff voluntarily dismisses certain defendants. Her amended complaint (ECF No. 7) drops from the caption some of the defendants specified in the original complaint, but the body of the amended complaint itself continues to refer to the defendants as if they remain parties in the case. Similarly, Plaintiff's Notice of Voluntary Dismissal (ECF No. 66) leaves open questions about the extent to which Plaintiff intends the dismissal to apply. In light of the ambiguity, the Court will enter Judgment as to all defendants, including those dropped from the original complaint and those specified in the Notice of Voluntary Dismissal.

has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

      1.      *Claims under 42 U.S.C. § 1983*

To determine the timeliness of claims under 42 U.S.C. § 1983, courts apply state statutes of limitations and tolling principles. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). A three-year statute of limitations applies to section 1983 claims filed in Michigan. *See* MICH. COMP. L. 5805(10) (establishing three-year statute of limitations for "all actions to recover damages for the death of a person, or for injury to a person or property" except as otherwise provided); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam).[3] Accrual of a claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that gives rise to her action. *Id.* at 220.

Plaintiff Nettles filed this lawsuit on January 3, 2017. To the extent she premises her section1983 claims on events that occurred before January 3, 2014, the statute of limitations has expired. Accordingly, Plaintiff's section 1983 claims based on the Judicial Tenure Commission proceedings, which ended in 2008, are time-barred. Plaintiff's section 1983 claims based on the suspension of her law license are also time-barred.

Only Plaintiff's section 1983 claims based on the denial of her reinstatement petition are arguably timely, but they fail on other grounds. The licensure and reinstatement process are in

---

[3] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981, does not apply to the claims Plaintiff asserts in this case, which were not "made possible" by amendment of § 1983.

essence state court proceedings with a state review process leading ultimately to the Michigan Supreme Court. The Court doubts its subject matter jurisdiction, based on the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents "a party losing in state court…from seeking what in substance would be appellate review of the state judgment [in federal district court] based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002) (quoting *Johnson*). *Rooker-Feldman* is a narrow doctrine, "confined to…cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Court notes that Plaintiff already has the ability even now to apply again for reinstatement, since more than a year has passed since the denial. Even if *Rooker-Feldman* does not apply, the Court believes abstention in favor of the heavily-regulated and unexhausted state process is appropriate.

2.      *State Law Claims*

Plaintiff asserts a claim entitled "Miscarriage of Justice." No such cause of action exists, and the Court dismisses the claim. Plaintiff's other state law claim is for defamation. A one-year statute of limitations applies to this claim. MICH. COMP. L. 600.5805(9). Plaintiff has not alleged any injury that occurred after January 3, 2016 and would give rise to a defamation claim. Her defamation claim is time-barred.[4]

---

[4] Plaintiff's federal and state law claims fail on multiple other grounds, but the Court finds it unnecessary to address these additional grounds.

*3.* *Plaintiff's Motions to File Amended Complaints*

Plaintiff seeks leave to file second and third amended complaints (ECF Nos. 68, 69) to add parties and elaborate claims. FED. R. CIV. P. 15(a)(2) governs Plaintiff's request. Under the rule, Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave." Defendants do not consent to Plaintiff's request. The Court has reviewed Plaintiff's proposed second and third amended complaints finds no basis to grant Plaintiff's request. The amendments would add verbiage, but not change the basic legal problems with the claims. Any proposed amendment would be futile.

## CONCLUSION

For these reasons, the Court concludes that the case must be dismissed. An order of dismissal and judgment will enter separately.

Dated:     March 26, 2018            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE