UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY R. NETTLES,

    Plaintiff,

v.

CYNTHIA C. BULLINGTON, *et al.*,

    Defendants.

_____/

CASE NO. 1:17-CV-04

HON. ROBERT J. JONKER

## **ORDER**

Plaintiff Beverly R. Nettles brought claims against defendants based on events pre-dating her removal from judicial office in 2008; the removal itself; and the suspension of her license to practice law in Michigan. The Court dismissed Plaintiff's claims for a series of different reasons. (ECF Nos. 85-87.) Plaintiff has appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit. (ECF Nos. 94, 97.)[1]

Defendant Paul Fischer, who was the Executive Director of the Judicial Tenure Commission when events underlying Plaintiff's complaint occurred, now seeks sanctions under FED. R. CIV. P. 11. (ECF No. 88.) Defendant Nickerson concurs in the motion. (ECF No. 96.) Defendants Fischer and Nickerson seek reasonable expenses, including attorney's fees, incurred

---

[1] The appeal has been docketed as Case No. 18-1486, *Beverly Nettles v. Michigan Supreme Court,* et al. (ECF No. 97) and has not been decided as of the date of this Order. Despite the appeal, the Court retains jurisdiction to decide the motions for sanctions. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Mahone v. Ray*, 326 F.3d 1176, 1180-81 (11th Cir. 2003). *See also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (recognizing that after an appeal is filed, a district court may enter "remedial orders not affecting the merits of the appeal").

in defending against the lawsuit and moving for sanctions. (ECF No. 89, PageID.1411; ECF No. 96, PageID.1495.)

FED. R. CIV. P. 11(b) requires an attorney, or an unrepresented party, to conduct a reasonable inquiry before presenting a pleading, written motion, or other paper to the court, to confirm, among other things, that the submission "is not being presented for any improper purpose" and that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(1), (2). Rule 11(c) permits the Court, in its discretion, to "impose an appropriate sanction on any attorney, law firm, or party that has violated [Rule 11(b)] or is responsible for the violation." FED. R. CIV. P. 11(c)(1). A court may not impose sanctions under Rule 11 unless the conduct for which sanctions are sought was unreasonable under the circumstances. *Salkil v. Mount Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006). A Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. (11)(d).

The Court does not find Rule 11 sanctions warranted in this case. The defendants won, and in the Court's view they deserved to win. But the Court also believes that a person who loses a license to practice law, as well as a judgeship; who takes multiple hits to her reputation and standing; and who obviously believes that she has been wronged – no matter how distorted her sense of reality may be – deserves some leeway in attempting to state her claims.[2] In judging the

---

[2] To the extent Defendant Fischer argues that it should have been obvious to Plaintiff that he was entitled to absolute immunity from suit for actions taken in his role as Executive Director of the Michigan Judicial Tenure Commission under the doctrine of quasi-judicial immunity, the Court notes that the doctrine of quasi-judicial immunity can be more complex than it first appears. *See Flying Dog Brewery LLLP v. Mich. Liquor Control Comm'n*, 597 F. App'x 342 (6th Cir. 2015).

propriety of sanctions under any theory, a party's purpose is a relevant consideration, and the Court discerns no bad faith or improper purpose in Plaintiff's filings.

The Court is not persuaded that a Rule 11 sanction would be especially meaningful anyway. The First Amendment articulates a general right to petition the government, including the courts, and in the Court's view, litigants are entitled to a broad swath of First Amendment protection. It is hard to imagine a sanction that would reasonably deter a filing akin to Plaintiff's without being so draconian as to be an undue burden on the First Amendment rights of a troubled, now pro se litigant. Defendant Fischer and Nickerson's suggestion of cost-shifting is not well-taken, because sanctions under Rule 11 are supposed "to deter rather than to compensate." FED R. CIV. P. 1993 Amendments Advisory Committee Notes. Only in "unusual circumstances" is it appropriate to direct that "some or all of [a monetary sanction] be made to those injured by the violation." *Id.* The Court finds no such circumstances present here.

For these reasons, the Court declines to impose sanctions under Rule 11.[3]

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant Fischer's Motion for Sanctions (ECF No. 88) is **DENIED**.
2. Defendant Nickerson's request for sanctions (ECF No. 96) is **DENIED**.
3. The Proposed Stipulation and Order (ECF No. 102) is **DISMISSED AS MOOT**.
4. Plaintiff's Motion for Leave to File Supplement (ECF No. 105) is **GRANTED** to the extent Plaintiff seeks leave to file and is **DENIED** in all other respects.

Dated:     September 7, 2018            /s/ Robert J. Jonker

                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiff requests that the Court impose sanctions against Defendants Fischer and Nickerson based on its inherent authority (ECF No. 105), the Court finds that sanctions are not warranted and **DENIES** the request.