NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 18-1486

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 14, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| BEVERLEY R. NETTLES, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| MICHIGAN SUPREME COURT, et al., | ) THE WESTERN DISTRICT OF |
| | ) MICHIGAN |
| Defendants-Appellees. | ) |

O R D E R

Before: KEITH, KETHLEDGE, and THAPAR, Circuit Judges.

Beverley R. Nettles, a Nevada resident proceeding pro se, appeals the district court's judgment dismissing her civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985. Two defendants have moved for leave to file supplemental briefs. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2008, the Michigan Supreme Court removed Nettles, a judge of the 30th Circuit Court for the County of Ingham, Michigan, from her position based on its determination that she had committed various forms of misconduct. *See In re Nettles-Nickerson*, 750 N.W.2d 560 (Mich. 2008). In 2010, the State of Michigan Attorney Discipline Board ("ADB") suspended Nettles's law license based on overlapping findings of misconduct. Between 2013 and 2016, Nettles attempted to get her license reinstated, but she was ultimately unsuccessful.

In 2017, Nettles commenced the current action, alleging that various individuals committed misconduct in connection with the termination of her judgeship and the suspension of her law license.  In an amended complaint, she named as defendants the following individuals and entities:  the Michigan Supreme Court, Alan Gershel, Cynthia Bullington, Mark Armitage, John Van Bolt, Paul Fisher, Judge William Collette, the Ingham County Circuit Court, Angela Morgan, John McGlinchey, Judge Marvin Robertson, Daniel Nickerson, Richard Keusch, and Philip Thomas.  She alleged that the defendants denied her due process and equal protection, defamed her, and engaged in a "miscarriage of justice."  She requested declaratory and injunctive relief as well as compensatory and punitive damages.  The defendants moved to dismiss Nettles's complaint.  She, in turn, moved for partial summary judgment and for leave to file second and third amended complaints.

The district court denied Nettles's summary-judgment motion, denied her leave to file second and third amended complaints, and granted the defendants' motions to dismiss.  The court found that no miscarriage-of-justice cause of action existed and that Nettles's remaining claims were time-barred, except for her claims related to her reinstatement proceedings, which the court declined to allow to proceed, relying alternatively on abstention grounds and the doctrine announced in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The court denied Nettles leave to amend on the basis that amendment would be futile.

On appeal, Nettles argues that the district court erred by:  (1) declining to review the merits of her claims related to her reinstatement proceedings; (2) denying her leave to file second and third amended complaints; and (3) finding that no miscarriage-of-justice cause of action exists.  She has abandoned review of all other issues, including the district court's timeliness ruling, by failing to make any argument with respect to those issues in her appellate brief.  *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008).  That rule provides that a complaint is subject to dismissal that fails "to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that offers "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "'naked assertion[s] devoid of further factual enhancement'" will not survive a motion to dismiss.  *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).  Pro se pleadings are held to "less stringent standards" than the pleadings of attorneys, but "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    I.    <u>Nettles's Claims Related to her Reinstatement Proceedings</u>

Nettles maintains that the district court incorrectly applied the *Rooker-Feldman* doctrine and therefore erred in declining to review the merits of her claims related to her reinstatement proceedings.

As an initial matter, Nettles has effectively abandoned review of her reinstatement claims, insofar as they are not time-barred.  The district court declined to review the merits of Nettles's claims on both abstention grounds and the ground of the *Rooker-Feldman* doctrine.  On appeal, however, Nettles argues only that the district court's *Rooker-Feldman* holding was erroneous.  Because Nettles has not raised any argument with respect to the district court's abstention determination, she has abandoned review of the district court's conclusion that abstention was appropriate.  *See Geboy*, 489 F.3d at 767.  And because Nettles has abandoned review of one of the alternative bases for the district court's decision to decline to review the merits of her claims, she has abandoned review of that decision.

Assuming that Nettles has not abandoned appellate review, we still uphold the district court's rejection of her claims because she failed to state a claim upon which relief may be

granted. *See Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) ("[W]e are free to affirm . . . on any basis supported by the record."). To the extent that her reinstatement claims are not time-barred, Nettles's complaint contained no allegations that supported her claims that she had been denied due process and equal protection, defamed, and subjected to a miscarriage of justice. The majority of Nettles's complaint addressed the alleged actions undertaken by the defendants in connection with the revocation of her judgeship and the subsequent suspension of her law license. With respect to her reinstatement proceedings, Nettles alleged only that she had been improperly served a copy of ADB's order denying her intermediate appeal, which is insufficient to state, for instance, a procedural due process violation. *See Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996).

II. Nettles's Motions to Amend

Nettles contends that the district court abused its discretion when it denied her leave to amend because it failed to offer an adequate explanation for its decision.

We generally review a district court's denial of a motion to amend for an abuse of discretion, *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 831 (6th Cir. 2000), but review a district court's determination that a purported amendment would be futile de novo, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). A proposed amendment is futile when it would not withstand a motion to dismiss. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

The district court did not err in denying Nettles leave to amend. The court indicated that it was denying Nettles leave to amend because her proposed amendments would be futile. And that conclusion is supported by the record. Nettles's proposed second and third complaints added new allegations but failed to correct the previously identified problems with her first amended complaint—namely, that her allegations were untimely and otherwise failed to state a claim.

III. Nettles's Miscarriage-of-Justice Claim

Finally, Nettles argues that the district court incorrectly determined that no miscarriage-of-justice cause of action exists. Most directly, she alleges that she was attempting to raise an

independent action in equity to overturn one or more of the adverse judgments against her. *See Mitchell v. Rees*, 651 F.3d 593, 594-96 (6th Cir. 2011). The district court properly dismissed Nettles's claim. To the extent that Nettles attempted to raise an independent-action claim in her complaint, she failed to develop that claim in any meaningful way. Moreover, even assuming that Nettles's complaint can be fairly read to assert such a claim, federal courts may generally not overturn state-court judgments, and Nettles has provided no clear reason to believe that her case presents an exception to that rule. *See* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2868 (3d ed. 2018).

For the foregoing reasons, we **AFFIRM** the district court's judgment and **DENY** all other outstanding motions as moot.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 14, 2019

Ms. Katherine Jean Bennett
Office of the Attorney General
of Michigan
P.O. Box 30758
Lansing, MI 48909

Mr. Michael J. Cook
Collins, Einhorn, Farrell
4000 Town Center
Ninth Floor
Southfield, MI 48075

Mr. Jeffrey Charles Gerish
Plunkett Cooney
38505 Woodward Avenue
Suite 100
Bloomfield Hills, MI 48304

Ms. Kimberlee Anne Hillock
Willingham & Cote'
333 Albert Avenue
Suite 500
East Lansing, MI 48823

Mr. Scott Allen Mertens
Office of the Attorney General
of Michigan
P.O. Box 30736
Lansing, MI 48909

Mr. Matthew T. Nelson
Warner, Norcross & Judd
111 Lyon Street, N.W.
Suite 900
Grand Rapids, MI 49503

Ms. Beverley R. Nettles
4350 South Hualapai Way
Unit 1231
Las Vegas, NV 89147

Ms. Bonnie G. Toskey
Cohl, Stoker & Toskey
601 N. Capitol Avenue
Lansing, MI 48933

Re: Case No. 18-1486, *Beverley Nettles v. Michigan Supreme Court, et al*
Originating Case No. : 1:17-cv-00004

Dear Counsel and Ms. Nettles,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jill Colyer
Case Manager
Direct Dial No. 513-564-7024

cc:  Ms. Jeanne Vallez Barron
     Mr. Thomas Dorwin
     Mr. Curtis R. Hadley
     Mr. Joseph Yung-Kuang Ho
     Mr. Timothy M. Perrone
     Mr. Joseph Edward Potchen
     Ms. Allyson Ruth Terpsma

Enclosure

Mandate to issue